IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 5:18-CR-00405-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | |
| BENJAMIN MILEY | ) | |
| | ) | **DEFENDANT'S SENTENCING** |
| Defendant. | ) | **MEMORANDUM** |
| | ) | |
| | ) | |

NOW COMES the Defendant, Benjamin Miley, by and through undersigned Counsel, and respectfully requests this Honorable Court consider the attached Memorandum in imposing judgment and sentence.

    Respectfully submitted,

    s/Damian A. Billak
    **DAMIAN A. BILLAK (#0065274)**
    *ATTORNEY FOR DEFENDANT*
    Creekside Professional Centre
    Bldg. F, Suite 100
    6715 Tippecanoe Road
    Canfield, OH  44406
    Phone: 330-702-2000
    Fax: 330-702-2970
    E-mail: dbillak@billaklaw.com

2

**CERTIFICATE OF SERVICE**

This is to certify that on February 6, 2019, a copy of the foregoing *Defendant's Sentencing Memorandum* was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

        s/Damian A. Billak
        **DAMIAN A. BILLAK (#0065274)**
        *ATTORNEY FOR DEFENDANT*

## MEMORANDUM

### I. PERSONAL HISTORY

Benjamin Miley is 59 years old, single, and a father. He maintains relationships with his kids and provides financial support when able to do so. Mr. Miley's parents never married, and he was raised in a very unstable, and abusive environment in Texas and Louisiana. He resided in a neighborhood plagued by drugs and violence. Mr. Miley acknowledges a history of substance abuse and acknowledges he could benefit from substance abuse counseling.

### II. STATEMENT OF THE CASE

Mr. Miley accepted responsibility for his actions by entering a guilty plea to Count 1 of the Indictment, and has provided a statement to the Court in the Presentence Report expressing the same.

### III. LAW AND ARGUMENT

#### A. Current State of Sentencing Law in the Wake of *United States v. Booker* and its Progeny

Sentencing procedure underwent a fundamental change with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Whereas the Federal Sentencing Guidelines previously were virtually mandatory in nature, today they are "effectively advisory" in all cases. *Id.* at 245. The net result is that district courts must now impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2). *See United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("It is worth noting that a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose a 'sentence, sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2).")

The Supreme Court's directive that district courts are to impose sentences in light of **all** of the sentencing criteria set forth in § 3553 was made clear in its recent decision in *Gall v. United States*, 128 S. Ct. 586 (2007).  In *Gall*, the Court established the following procedure that district courts are to follow when imposing sentence:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.  The Guidelines are not the only consideration, however.  Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, he may not presume that the Guidelines range is reasonable.  He must make an individualized assessment based on the facts presented.  If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.  We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one.  After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Id.* at 596-597; *see also United States v. Gossman*, 513 F.3d 592, 596 (6th Cir. 2008) ("*Gall* shows that the sentencing process involves an exercise in judgment, not a mathematical proof...").

Importantly, the "sufficient but not greater than necessary" standard of § 3553 test is no mere guideline.  Rather, it sets an independent upper limit on the sentence that may be imposed by a Court.

### B. Guideline Calculations

Based upon the Plea Agreement and the Pre-Sentence Report, Mr. Miley's Base Offense Offense Level is 30.  The parties anticipate a three-level reduction for acceptance of responsibility and U.S.S.G. §3E1.1(b), for a Total Offense Level of 27, and a Criminal History Category II.

4

    **C.**    **Application of the Statutory Sentencing Criteria**

### 1. §3553(a)(1) – Nature and Circumstances of the Offense and History and Characteristics of the Defendant

The circumstances under which the offense occurred will never reoccur. Mr. Miley recognizes the seriousness of the offense and the impact his actions have on his life and family and desires to lead a law-abiding life.

### 2. §3553(a)(2)(A) – Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment

This Court is free to exercise the substantial discretion afforded to it under *Gall* to fashion an appropriate sentence.

It is necessary to incarcerate to promote respect for the law and to provide just punishment, but it is requested the length of incarceration be tailored as to not be greater than necessary.

### 3. §3553(a)(2)(D) – Provide Education, Training, and Care for the Defendant

Mr. Miley attended Manghan High School in Manghan, Louisiana through the 11th grade. While incarcerated at Lake Erie Correctional Institution, he earned his GED in 2000 and received a Building Maintenance Certificate. Mr. Miley will benefit from further employment training or care that may be obtained during incarceration. It should be noted, however, that at the time of his arrest, Mr. Miley was gainfully employed and owns his own residence.

### 4. §3553(a)(4) & (5) – Sentencing Guideline Considerations and Policy Statements

Mr. Miley is requesting a reasonable sentence that is fair and just. It is respectfully requested that this Honorable Court consider his actions did not involve weapons or violence, and the Policy Statements below in determining an appropriate sentence within an applicable guideline range.

      a.    Family Ties and Responsibilities

U.S.S.G. § 5H1.6 permits the Court to consider Mr. Miley's family ties and responsibilities when considering an appropriate sentence within the applicable guideline range.

### 5. Criminal History

Mr. Miley scores as a Criminal History II.

## IV. CONCLUSION

Mr. Miley is deeply remorseful for and embarrassed by his conduct. He poses minimal risk of future offense after incarceration.

It is respectfully requested that this Honorable Court consider a sentence not greater than necessary within the advisory guideline range.

For the foregoing reasons, counsel prays this Court consider as punishment a reasonable term of incarceration coupled with any other conditions determined appropriate following release.

                Respectfully submitted,

                s/Damian A. Billak
                **DAMIAN A. BILLAK (#0065274)**
                *ATTORNEY FOR DEFENDANT*
                Creekside Professional Centre
                Bldg. F, Suite 100
                6715 Tippecanoe Road
                Canfield, OH 44406
                Phone: 330-702-2000
                Fax: 330-702-2970
                E-mail: dbillak@billaklaw.com